ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
ALANNA BONDY, ESQ.
Nevada Bar No. 14830
**SGRO & ROGER**
720 S. 7th Street, 3rd Floor
Las Vegas, Nevada 89101
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
tsgro@sgroandroger.com
abondy@sgroandroger.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| L.N., a minor, by and through her guardian, C.A., | CASE NO. |
| Plaintiff, | |
| vs. | COMPLAINT |
| CLARK COUNTY SCHOOL DISTRICT; PAT SKORKOWSKY, an individual; KRISTINE MINNICH, an individual; KODY BARTO, an individual; MICHAEL BANCO, an individual; DOES I-X inclusive, and ROE Corporations, I-X, inclusive, | (Jury Demand) |
| Defendants. | |

Plaintiff, C.A., as guardian for L.N., a minor, by and through her attorneys ANTHONY P. SGRO, ESQ., and ALANNA BONDY, ESQ., of the law firm of SGRO & ROGER, and for her causes of action against the above-named Defendants, states and alleges as follows:

**PARTIES**

1. Plaintiff C.A. is a resident of Clark County, Nevada, and she is the legal guardian of minor L.N., age ten (10) who, at all relevant times hereto, is and was a resident of Clark County, Nevada.

2. At the time of the events giving rise to this lawsuit, L.N. was a 3-year old preschool student. She was the recipient of special education services and she attended THOMAS O'ROARKE ELEMENTARY SCHOOL in Clark County, Nevada.

3. Defendant, CLARK COUNTY SCHOOL DISTRICT (hereinafter "CCSD") is a local government entity, created under the laws of the State of Nevada, which owns and/or operates the public schools in Clark County, Nevada, including, THOMAS O'ROARKE ELEMENTARY SCHOOL, at which L.N. was a student. CCSD also owns and/or operates school buses, which are used to transport students under its care, supervision, and control, including L.N., to and from school.

4. In May of 2015, Defendant, MICHAEL BANCO (hereinafter "Banco"), an adult man, was a resident of Clark County, and he was employed by CCSD as a school bus driver. At all times relevant to this lawsuit, Banco was acting under color of state law and within the scope and duty of his employment as a school bus driver for CCSD. Banco worked as a school bus driver for CCSD until he was arrested, on May 27, 2015, for sexually abusing several preschool students, including L.N.

5. Defendant PAT SKORKOWSKY (hereinafter "Skorkowsky") was employed as the Superintendent of the Clark County School District at the time that Banco was sexually abusing L.N. All actions by Defendant Skorkowsky as alleged herein were taken under color of state law and in the course and scope of his employment with Defendant CCSD.

6. Defendant KRISTINE MINNICH (hereinafter "Minnich") was employed as the Assistant Superintendent of Student Services for the Clark County School District at the time that Banco was sexually abusing L.N. All actions by Defendant Minnich as alleged herein were taken under color of state law and in the course and scope of her employment with Defendant CCSD.

7. Defendant KODY BARTO (hereinafter "Barto") was employed as the Principal of Thomas O'Roarke School Elementary School, where L.N. was receiving special education services, pursuant to an individualized education plan, at the time that Banco was sexually abusing

L.N. All actions by Defendant Barto as alleged herein were taken under color of state law and in the course and scope of his employment with Defendant CCSD.

## JURISDICTION, VENUE, AND ASSIGNMENT

8. This Court has original jurisdiction over Plaintiff's claims for relief pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Clark County, Nevada.

10. This case arose in Clark County, Nevada and pursuant to LR IA 1-8 of the Local Rules of Practice for the United States District Court, District of Nevada, this case should be assigned to the Southern Division of the United States District Court, District of Nevada.

## FACTUAL ALLEGATIONS

11. In May of 2015, L.N. was a three-year old special needs preschool student who attended Thomas O'Roarke Elementary School. Her Individualized Educational Program (IEP) Placement dated February 17, 2015, indicates that L.N. suffered from a developmental delay and that she required specially designed instruction in self-help, cognitive, and social/behavioral skills with speech/language therapy. L.N. was transported to and from school by the CCSD, via school bus.

12. At all time relevant hereto, Defendant Banco was employed by CCSD as a school bus driver and he operated the school bus that transported L.N. home from school.

13. On or about May 27, 2015, L.N. reported to her legal guardian, C.A., that Defendant Banco put "his pee pee in my mouth." Police were contacted, and L.N. repeated her allegation to investigating officers. The school bus route that L.N. took home was identified as N3024 and Defendant Michael Banco was identified as the driver. Clark County School Police provided surveillance video from May 12, 2015, May 13, 2015 and May 26, 2015 to investigating officers.

14. On the school bus surveillance video from May 26, 2015, Banco is seen on surveillance video sexually assaulting L.N. Specifically, the police report states that at 12:34 PM

on May 26, 2015, Banco "is rubbing his groin and hugs and kisses [L.N.] until 1242 hours. At 1249 hours, Banco stands in front of [L.N.], and is rubbing his groin. He then kneels on the seat in front of [L.N.], and surveillance shows him from behind with his groin against [L.N.'s] face. Banco is seen from behind grinding and thrusting his hips. . . At 1258 hours, Banco stops thrusting, and appears to be wiping the seat with a napkin or towel."

15. Due to the evidence obtained by the surveillance footage, Banco was arrested and charged with multiple crimes. With regard to L.N., Banco was charged with two (2) counts of Sexual Assault with a Minor Under 14 Years of Age, two (2) counts of Lewdness with a Child Under the Age of 14, one (1) count of First Degree Kidnapping, and one (1) count Child Abuse, Neglect, or Endangerment. On April 12, 2018, Defendant Banco plead guilty in the Eighth Judicial District Court for Clark County, Nevada to one (1) count of Sexual Assault with a Minor Under 16 Years of Age, and one (1) count of Lewdness with a Child Under the Age of 14. Banco was sentenced to life in prison with eligibility for parole after serving thirty-five (35) years in the Nevada Department of Corrections.

16. Throughout the days documented on the surveillance video, as well as others, various parents complained to the school directly, as well as to the bus transportation facility that the bus driven by Banco was arriving late to drop off the children on his route. L.N.'s guardian, C.A., called CCSD on multiple occasions to complain that L.N. had not been dropped off on time. Yet, no investigation ensued regarding the reason for Banco's tardiness. At a minimum, CCSD should have reviewed the video surveillance tapes to determine the cause of the delays. However, this was never done.

17. Upon Banco's arrest and the subsequent criminal investigation, it became apparent that Banco was late dropping children off on his route because he was repeatedly pulling the school bus over to sexually abuse L.N. and other children. Banco's tardiness was reported to CCSD, but CCSD failed to investigate these reports or take any other action to ensure that the children were being properly cared for and taken home safely.

18. Upon information and belief, CCSD's budget allocates funds for the hiring and placing of bus transportation aides on the various bus routes which service special needs children.

19. Despite being allocated funds and staff to do so, CCSD chose not place aides on L.N.'s bus, a bus which transported numerous preschool-aged children with disabilities and developmental delays.

20. Had the CCSD placed an aide on L.N.'s bus, Banco would not have been able to sexually assault her.

21. Prior to being charged with sexually abusing L.N. and other children, Banco was accused of battering another special needs child on a CCSD school bus. This incident culminated in a lawsuit being filed against CCSD and Banco, which resulted in an arbitration award against CCSD after the arbitrator found that Banco failed to follow the student's IEP (Eighth Judicial District Court Case # 97A371062). Like L.N., this student also had difficulty communicating. Apparently, no disciplinary action was taken by CCSD against Banco for this incident. Appropriate discipline should have resulted in Banco being removed from his position as a bus driver, or at least being denied a route with special needs children who cannot communicate or defend themselves like other children, which would have prevented L.N. from being sexually assaulted by Banco. Instead, CCSD allowed Banco to continue transporting special needs children including three-year old L.N., who CCSD knew suffered from developmental delays.

22. Upon information and belief, other CCSD employees may have witnessed Banco behaving inappropriately or making inappropriate comments which indicated that Banco posed a threat to children. Upon information and belief, some of these behaviors and comments were reported to CCSD, but CCSD, again, failed to take any action prior to L.N. self-reporting Banco's abuse.

23. Upon information and belief, at the time of the events complained of herein, CCSD provided inadequate training to its employees concerning the signs of "grooming,"[1] which allowed Banco to repeatedly sexually assault L.N. and other children.

24. At the time of the events complained of herein, the bus that Banco operated for CCSD had working cameras. The cameras on the bus were intended to ensure the safety, security and care of the special needs children being transported.

25. Despite the fact that the cameras were installed to protect the children, CCSD employed a policy wherein CCSD employees never reviewed the tapes on the bus prior to L.N. self-reporting that Banco had sexually assaulted her. Further, CCSD's policies resulted in the destruction of surveillance footage.

26. Upon information and belief, but for the destruction of surveillance footage, other acts of sexual abuse would have been uncovered.

27. Had CCSD or its employees reviewed the surveillance tapes prior to L.N. self-reporting Banco's abuse, Banco's sexual abuse of children would have been uncovered much earlier, and it would have saved L.N. and other children from being abused by Banco.

28. The sexual abuse and harassment that occurs in CCSD schools is pervasive, and, at all times relevant to this lawsuit, CCSD was aware of the risk of sexual abuse occurring in its schools, yet despite knowing this, CCSD deliberately failed to address the risk.

29. CCSD acted with deliberate indifference to the rights of children like L.N. when it permitted Banco to continue working as a special needs bus driver following a credible accusation that Banco had abused another special needs child, by failing to, at a minimum, review school bus surveillance footage after parents and guardians repeatedly reported to CCSD that Banco was dropping children off late, by failing to place an aide on the school bus that Banco was operating, and by failing to appropriately train its employees to spot and report grooming behaviors.

---

[1] "Grooming" is a process by which a sexual predator builds a relationship, trust, and emotional connection with a child victim so that the preparator can initiate and maintain sexual abuse of the child.

30. As a result of Banco's sexual abuse and CCSD's failures to adequately protect its students, L.N. has suffered unjustifiable physical injury and emotional and mental anguish, which L.N. will have to contend with for the rest of her life.

## FIRST CAUSE OF ACTION
*(Violation of Civil Rights – 42 USC § 1983)*

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

32. L.N. had and has a constitutional right to bodily integrity and freedom from unjustified physical intrusions under the due process clause of the Fourteenth Amendment to the United States Constitution.

33. A special relationship existed between each of the Defendants and Plaintiff, which arose from the mandatory character of school attendance and the comprehensive control over students exercised by school personnel. Accordingly, Defendants had a duty to exercise reasonable care to supervise and protect students, such as L.N. from harm, while under the Defendants' custody, care and control.

34. Defendant Banco violated L.N.'s rights under the Fourteenth Amendment to the United States Constitution when he sexually abused L.N. on a CCSD school bus.

35. Defendants CCSD, Skorkowsky, Minnich, and Barto violated L.N.'s rights under the Fourteenth Amendment to the United States Constitution when they implemented policies, customs, and practices, that were not adequate to prevent CCSD employees from sexually abusing students such as L.N., the risk of which was known to CCSD. Such policies, customs, and practices included, but are not limited to, implementing policies and practices that resulted in rapid deletion of school bus surveillance camera footage, providing inadequate training to its staff concerning detecting and responding to grooming behaviors, and failing to respond to complaints and concerns

surrounding Banco's conduct. These policies, customs, and practices amounted to a deliberate indifference to L.N.'s constitutional rights.

36. The risk of sexual abuse that Banco posed to students like L.N. was known to Defendants CCSD, Skorkowsky, Minnich, and Barto. For example, Defendants CCSD, Skorkowsky, Minnich, and Barto knew or should have known that Banco engaged in inappropriate grooming behaviors with children, that parents and guardians repeatedly complained that Banco was arriving late to drop off the preschool students on his route, and that Banco had previously been accused of abusing another special needs child.

37. Defendants CCSD, Skorkowsky, Minnich, and Barto disregarded the known or obvious risk of sexual abuse that Banco posed to L.N. and other children by, for example, failing to respond to warning signs that Banco was engaging in grooming behaviors with young children, failing to follow up on complaints concerning Banco's tardiness on his bus route (including with respect to L.N., specifically), and continuing to allow Banco to transport vulnerable special needs children after he was credibly accused of battering another special needs child on a CCSD bus years prior.

38. Defendants acted under color of state law in committing the acts complained of herein.

39. The policies, customs, and practices implemented by Defendants CCSD, Skorkowsky, Minnich, and Barto were the moving force behind the deprivation of L.N.'s constitutional rights.

40. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, extreme physical and emotional distress, and harm. Further, Defendants' conduct deprived Plaintiff of her constitutional right to bodily integrity and freedom from unjustified

physical intrusions under the due process clause of the Fourteenth Amendment to the United States Constitution.

41. The actions of the Defendants as described herein were conducted in a reckless, willful, wanton, malicious, and oppressive manner, with conscious disregard for Plaintiff's rights, such that each of the Defendants should be assessed punitive and/or exemplary damages.

42. Plaintiff has been forced to retain the services of legal counsel to prosecute these claims, and therefore, is entitled to an award of reasonable attorneys' fees and costs associated with this matter.

**SECOND CAUSE OF ACTION**
*(Violation of 20 U.S.C Sec. 1681 et. seq.)*

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44. Upon information and belief, at the time of the events giving rise to this lawsuit, the CCSD and Thomas O'Roarke elementary school were recipients of Title IX funding.

45. Defendants violated Title IX of the Educational Amendments of 1972, which denied L.N. the benefits of, and subjected her to discrimination, harassment and abuse under an educational program or activity that received federal financial assistance.

46. The risk of sexual abuse that Banco posed to students like L.N. was known to Defendants CCSD, Skorkowsky, Minnich, and Barto. For example, Defendants CCSD, Skorkowsky, Minnich, and Barto knew or should have known that Banco engaged in inappropriate grooming behaviors with children, that parents and guardians repeatedly complained that Banco was arriving late to drop off the preschool students on his route, and that Banco had previously been accused of abusing another special needs child.

47.     Defendants CCSD, Skorkowsky, Minnich, and Barto disregarded the known or obvious risk of sexual abuse that Banco posed to L.N. and other children by, for example, failing to respond to warning signs that Banco was engaging in grooming behaviors with young children, failing to follow up on complaints concerning Banco's tardiness on his bus route (including with respect to L.N., specifically), and continuing to allow Banco to transport vulnerable special needs children after he was credibly accused of battering another special needs child on a CCSD bus years prior.

48.     Defendants' conduct constituted deliberate indifference to actual knowledge or a known risk of sexual abuse and harassment to L.N. Such abuse and harassment was pervasive, severe, and objectively offensive and created a hostile climate based on sex.

49.     The failure of CCSD, Skorkowsky, Minnich, and Barto to curtail the known risk of sexual harassment and abuse that L.N. and other children faced constitutes an intentional Title IX violation.

50.     That as a direct and proximate result of Defendants' wrongful conduct, L.N. has suffered damages, extreme physical and emotional distress and harm.  Further, Defendants' conduct deprived L.N. of access to the educational opportunities and benefits of the CCSD, in violation of Title IX.

51.     The actions of the Defendants as described herein were conducted in a reckless, willful, wanton, malicious, and oppressive manner, with conscious disregard for Plaintiff's rights, such that each of the Defendants should be assessed punitive and/or exemplary damages.

52.     Plaintiff has been forced to retain the services of legal counsel to prosecute these claims, and therefore, is entitled to an award of reasonable attorneys' fees and costs associated with this matter.

/ / /

### THIRD CAUSE OF ACTION
### (Sexual Assault – Against Banco)

53. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. Defendant Banco sexually assaulted L.N. when Banco subjected L.N. to non-consensual penetrative sex, to wit, fellatio, by placing his penis on or in the mouth of L.N. against her will, or under conditions in which Banco knew or should have known that L.N. was mentally or physically incapable of resisting or understanding the nature of Banco's conduct.

55. As a result of Banco's conduct, Plaintiff suffered damages, physical, mental and emotional harm, mental anxiety, humiliation, grief, and sorrow.

56. The acts of Defendant Banco were unreasonable, willful, wanton, malicious, and oppressive such that Defendant Banco should be assessed punitive and/or exemplary damages.

57. Plaintiff has been forced to retain the services of legal counsel to prosecute these claims, and therefore, is entitled to an award of reasonable attorneys' fees and costs associated with this matter.

### FOURTH CAUSE OF ACTION
### (Battery – Against Banco)

58. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59. Defendant Banco battered L.N. when Banco intentionally caused a harmful and offensive contact with the person of L.N.

60. As a result of Banco's conduct, Plaintiff suffered damages, physical, mental and emotional harm, mental anxiety, humiliation, grief, and sorrow.

61. The acts of Defendant Banco were, unreasonable, willful, wanton, malicious, and oppressive such that Defendant Banco should be assessed punitive and/or exemplary damages.

62.   Plaintiff has been forced to retain the services of legal counsel to prosecute these claims, and therefore, is entitled to an award of reasonable attorneys' fees and costs associated with this matter.

### FIFTH CAUSE OF ACTION
### (Criminal Violations Motivated by Characteristics of the Victim, NRS § 41.690 – Against Banco )

63.   Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64.   The sexual abuse, kidnapping, and battery committed by Defendant Banco against L.N., constituted willful violations of NRS 200.481, NRS 200.310, and NRS 200.366.

65.   On information and belief, Defendant Banco's willful violations of these provisions, as they relate to L.N., were motivated by the actual or perceived mental disability of L.N.

66.   As a result of Banco's conduct, Plaintiff suffered damages, physical, mental and emotional harm, mental anxiety, humiliation, grief, and sorrow.

67.   Based on Banco's violations of NRS § 41.690, Plaintiff is entitled to costs, attorneys' fees, and punitive damages.

### SIXTH CAUSE OF ACTION
### (Negligence – Against CCSD, Skorkowsky, Minnich, and Barto )

68.   Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69.   At all times relevant hereto, Defendants had a general duty to exercise reasonable care in their interactions with Plaintiff.

70.   Moreover, a special relationship existed between each of the Defendants and Plaintiff, which arose from the mandatory character of school attendance and the comprehensive

control over students exercised by school personnel. Accordingly, Defendants had a duty to exercise reasonable care to supervise and protect students, such as L.N. from harm, while under the Defendants' custody, care and control.

71. Defendants breached this duty of care when they implemented or failed to implement policies, procedures customs, and practices, which resulted in Defendant Banco sexually abusing L.N. Defendants' conduct which constitutes a breach of their duty of care includes, but is not limited to:

a. Systemic failure to train CCSD personnel, including Defendant employees, to identify signs of abuse, or regarding the proper steps to take in order initiate the investigation of child abuse allegations;

b. Systematic failure to create policies and procedures that preserve a safe environment for children, including L.N., that prevent sexual exploitation, child abuse and/ or other physical or mental injury to children under their care and custody;

c. Systematic failure to ensure CCSD compliance with its own policies, and State and Federal law relative to maintaining student safety and preserving the Plaintiff's constitutional rights;

d. Systematic failure to implement or maintain procedures to sufficiently screen employees prior to the date of hire, or to regularly evaluate employees after the original date of hire;

e. Systematic failure to terminate or otherwise discipline employees, including but not limited to Defendant Banco, against whom credible allegations of misconduct and/or abuse were previously lodged;

f. Deliberate indifference to complaints by students and their parents regarding inappropriate conduct of employees, including Defendant Banco;

g. In addition to the facts contained herein, other complaints specifically mishandled or disregarded relative to Defendant Banco include, but are not limited to: Defendant Banco's prior incident of allegedly physically abusing a special needs child; and Defendant Banco's repeated failure to drop off students such as L.N. on time;

h. Systematic failure to develop and implement appropriate policies to proactively monitor cameras placed on school busses for student safety;

i. Failure to monitor Defendant Banco, despite having mechanisms to do so, by way of the cameras installed on the bus, or the ability to place an aide on the bus to ensure Defendant Banco was never left unsupervised in the company of special needs children, including L.N.

72. Due to the fact that Banco had previously been accused of battering another special needs student, that there was no transportation aide on the bus route, that CCSD had a policy of not reviewing the bus camera footage until after an incident is reported, that other staff members were not properly trained to spot signs of abuse, as well the fact that complaints surrounding Banco's inappropriate conduct and job performance were never properly investigated, it was foreseeable, that while acting in his capacity as a school bus driver, Banco would sexually abuse and, in fact, did sexually abuse L.N. while she was under the custody, care, and control of the CCSD.

73. Defendants' conduct is the actual and proximate cause of L.N.'s injuries.

74. As a result of Defendant's conduct, Plaintiff suffered damages, extreme physical and emotional distress and harm.

75. The actions of the Defendants as described herein were conducted in a reckless, willful, wanton, malicious, and oppressive manner, such that each of the Defendants should be assessed punitive and/or exemplary damages.

76. Plaintiff has been forced to retain the services of legal counsel to prosecute these claims, and therefore, is entitled to an award of reasonable attorneys' fees and costs associated with this matter.

## SEVENTH CAUSE OF ACTION
### (Duty to Warn – Against CCSD, Skorkowsky, Minnich, and Barto )

77. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. Defendants and each of them had a duty to exercise care in keeping the CCSD premises and approaches safe, and Defendants had a duty to warn of past and present risks on or upon the premises that were reasonably likely to inflict harm on the Plaintiff.

79. Defendants breached their duty to Plaintiff by failing to warn of the prior known actions of Defendant Banco, including, but not limited to, the fact that Banco had previously been accused of battering another special needs student, and that Banco was known to repeatedly drop off students late on his bus route.

80. Defendants' failure to warn Plaintiff of the risk of abuse that existed on the school bus operated by Defendant Banco directly and proximately caused injury to L.N.

81. As a result of Defendant's conduct, Plaintiff suffered damages, extreme physical and emotional distress, and harm.

82. The actions of the Defendants as described herein were conducted in a reckless, willful, wanton, malicious, and oppressive manner, such that each of the Defendants should be assessed punitive and/or exemplary damages.

83. Plaintiff has been forced to retain the services of legal counsel to prosecute these claims, and therefore, is entitled to an award of reasonable attorneys' fees and costs associated with this matter.

### EIGHTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress – Against CCSD, Skorkowsky, Minnich, and Barto)

84. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

85. Based on Defendant Banco's known history, including, but not limited to, being accused of battering another special needs student and repeatedly dropping off students late on his bus route, and considering the nature and scope of Banco's employment, it was reasonably foreseeable to CCSD, Skorkowsky, Minnich, and Barto that Banco would sexually abuse, harass, and/or batter L.N.

86. The actions of Defendants, as described herein, caused L.N. to be sexually abused and battered by Defendant Banco.

87. As a result of the Defendants' conduct, L.N. suffered extreme mental and emotional harm, mental anxiety, humiliation, grief, and sorrow.

88. The actions of the Defendants as described herein were conducted in a reckless, willful, wanton, malicious, and oppressive manner, such that each of the Defendants should be assessed punitive and/or exemplary damages.

89. Plaintiff has been forced to retain the services of legal counsel to prosecute these claims, and therefore, is entitled to an award of reasonable attorneys' fees and costs associated with this matter.

### NINTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

90. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

91.     L.N. was caused to suffer severe emotional distress, embarrassment, humiliation and anguish by virtue of the intentional, extreme and outrageous conduct of the Defendants, and each of them. On information and belief, Defendant Banco abused L.N., in part, based on the fact that she suffered from developmental delays that Banco believed would prevent her from reporting his abuse. Defendant Banco's conduct in this regard is outrageous. Further, Defendant CCSD's failure to protect vulnerable students like L.N. from Banco, who CCSD knew, or should have known, posed a danger to children, amounts to a reckless disregard for causing emotional distress to L.N.

92.     Defendants intended to cause, or acted with a reckless disregard for causing emotional distress to L.N.

93.     As a direct and proximate result of the actions of the Defendants, and each of them, as alleged herein, L.N. suffered extreme mental and emotional harm, mental anxiety, humiliation, grief, and sorrow

94.     The actions of the Defendants as described herein were conducted in a reckless, willful, wanton, malicious, and oppressive manner, such that each of the Defendants should be assessed punitive and/or exemplary damages.

95.     Plaintiff has been forced to retain the services of legal counsel to prosecute these claims, and therefore, is entitled to an award of reasonable attorneys' fees and costs associated with this matter.

### TENTH CAUSE OF ACTION
*(Vicarious Liability – Against CCSD)*

96.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97. Employers are vicariously liable for the torts committed by their employees, servants, and agents if the tort occurs while the employee, servant, or agent was acting in the course and scope of his employment.

98. At all times relevant hereto, CCSD was the employer of Defendants Skorkowsky, Minnich, and Barto, who failed to exercise reasonable care to supervise and protect students, such as L.N. from harm, while under the Defendants' custody, care and control.

99. At all relevant times hereto, CCSD was the employer of Defendant Banco, who intentionally and willfully committed acts of sexual abuse and battery upon L.N. during the course and scope of his employment.

100. Based on Defendant Banco's known history, including, but not limited to, an accusation that Banco battered another special needs student (which resulted in a civil lawsuit), and Banco's history of repeatedly dropping off students late on his bus route, and considering the nature and scope of Banco's employment, it was reasonably foreseeable to CCSD, Skorkowsky, Minnich, and Barto that Banco would sexually abuse and/or batter L.N.

101. As a direct and proximate result of the actions of the Defendants, and each of them, as alleged herein, L.N. suffered extreme mental and emotional harm, mental anxiety, humiliation, grief, and sorrow

102. The actions of the Defendants as described herein were conducted in a reckless, willful, wanton, malicious, and oppressive manner, such that each of the Defendants should be assessed punitive and/or exemplary damages.

103. Plaintiff has been forced to retain the services of legal counsel to prosecute these claims, and therefore, is entitled to an award of reasonable attorneys' fees and costs associated with this matter.

/ / /

## ELEVENTH CAUSE OF ACTION
*(Enhanced Damages for Injury or Loss Suffered by a Vulnerable Person – NRS § 41.1395)*

104. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

105. At all times relevant to this action, L.N. was a vulnerable person as the term is defined in NRS § 41.1395.

106. The actions of the Defendants as described herein were conducted in a reckless, willful, wanton, malicious, and oppressive manner, such that each of the Defendants should be assessed punitive and/or exemplary damages.

107. Accordingly, Plaintiff is entitled to double damages and attorneys' fees and costs under NRS § 41.1395.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for relief and damages as follows:

1. Compensatory damages to Plaintiff for pain, suffering, injury, emotional distress and for medical expenses, past and future;

2. Punitive damages against Defendants as authorized by law;

3. Double Damages against Defendants pursuant to NRS § 41.1395;

4. Attorneys' fees and costs as authorized by law;

5. Prejudgment interest and post judgment interest as authorized by law; and

6. Such other and further relief as the court deems just and proper.

/ / /

/ / /

/ / /

/ / /

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all issues so triable.

DATED this 18th day of March, 2022.

                                                              Respectfully submitted,

                                                              **SGRO & ROGER**

                                                              */s/ Anthony P. Sgro*
                                                              ANTHONY P. SGRO, ESQ.
                                                              Nevada Bar No. 3811
                                                              ALANNA BONDY, ESQ.
                                                              Nevada Bar No. 14830
                                                              720 S. 7th Street, 3rd Floor
                                                              Las Vegas, Nevada 89101
                                                              *Attorneys for Plaintiff*