JAMES R. OLSON, ESQ.
Nevada Bar No. 116
WALTER R. CANNON, ESQ.
Nevada Bar No. 1505
STEPHANIE A. BARKER, ESQ.
Nevada Bar No. 3176
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone:     702-384-4012
Facsimile: 702-383-0701
Email: jolson@ocgas.com
          wcannon@ocgas.com
          sbarker@ocgas.com
Attorneys for Defendants
*Clark County School District, Pat Skorkowksy,
  Kristine Minnich, and Kody Bart*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| L.N., a minor, by and through her guardian C.A.,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT;<br>PAT SKORKOWSKY, an individual;<br>KRISTINE MINNICH, an individual;<br>KODY BARTO, an individual; MICHAEL<br>BANCO, an individual; DOES I-X inclusive,<br>and ROE CORPORATIONS, I-X, inclusive,<br><br>Defendants. | CASE NO. 2:22-cv-00495-ART-VCF<br><br>**STIPULATED<br>CONFIDENTIALITY AGREEMENT<br>AND<br>~~[PROPOSED]~~ PROTECTIVE ORDER** |

PURSUANT TO THE STIPULATION contained herein between Plaintiff L.N., a minor, through her guardian C.A., by her attorneys of record of the law firm of SGRO & ROGER; and Defendants CLARK COUNTY SCHOOL DISTRICT (CCSD), PAT SKORKOWSKY, KRISTINE MINNICH, and KODY BARTO (hereinafter collectively the "CCSD Defendants"), by and through their attorneys of record of the law firm of OLSON CANNON GORMLEY & STOBERSKI:

Page 1 of 10

THE COURT HEREBY FINDS AS FOLLOWS:

1. The term "Litigation" shall mean the above-captioned case, *L.N. v. CCSD, et al.*, Case No. 2:22-cv-00495-ART-VCF, in the United States District Court, District of Nevada.

2. The terms "Documents" or "Information" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, investigation reports, analyses, assessments, statements (financial or otherwise), responses to discovery, digital recordings, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation. A draft or non-identical copy is a separate document within the meaning of these terms.

3. The term "Party" (or "Parties") shall mean one party (or all parties) in this Litigation, and their counsel. "Producing Party" shall mean any person or entity who provides serves, discloses, files, or produces any Documents or Information. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

4. Student records, pursuant to Family Educational Rights and Privacy Act (FERPA) 20 U.S.C. §1232g and 34 CFR Part 99, may contain information confidential to a student or the student's parents and/or guardians. As a result, their disclosures must be limited to protect the privacy of student education records.

5. Personnel files of employees involved in an incident may be confidential and private in nature. As a result, their disclosure and use must be limited to protect the individual's fundamental right to privacy guaranteed by the First, Third, Fourth, Fifth, and Ninth Amendments of the U.S. Constitution. *See, e.g., El Dorado Savings & Loan Assoc. v. Superior Court of Sacramento County,* 190 Cal. App. 3d 342 (1987).

6. Accordingly, the Parties agree that, in conjunction with discovery proceedings in this Litigation, the Parties may designate any Document, thing, material, testimony, or other Information derived therefrom as "CONFIDENTIAL Information" under the terms of this Confidentiality Agreement and Protective Order ("Order") that shall not be provided or made available to third parties except as permitted by, and in accordance with, the provisions of this

Order. "CONFIDENTIAL Information" includes any information contained in personnel files of CCSD employees and/or Information that has not been made public and contains trade secret, proprietary and/or sensitive business, health, or personal information.

7. "CONFIDENTIAL Documents" shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL."

8. Testimony taken at a deposition may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition or in writing within ten business days of receipt of the transcript. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL, and to label such portions appropriately. Counsel for the Parties may also designate an entire deposition transcript as CONFIDENTIAL at the time of the deposition or in writing within ten business days of receipt of the transcript.

9. CONFIDENTIAL Information shall be maintained in strict confidence by the Parties who receive such Information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

    a. The United States District Court, District of Nevada, or any other court to which this matter may be transferred, as long as that document is filed under seal;

    b. In the event of an appeal, the Ninth Circuit Court of Appeals ("Appellate Court") and the United States Supreme Court ("Supreme Court"), as long as that document is filed under seal;

    c. The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation;

    d. A Party, or an officer, director, or employee of a Party or of a Party's affiliate, as long as any such person agrees to be bound by the terms and conditions of this Agreement, however, no copies should be kept by an officer, director, or employee of a Party or of a Party's affiliate;

e. Subject to the terms of Paragraph 15 below, experts or consultants and their staff, retained by the Parties and/or their Counsel in this Litigation for the purposes of this Litigation;

f. Any other person, only if the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten business days of delivery of the notification. In the event of an objection, no disclosure shall be made pending the resolution of the objection. Before any person may receive Documents or Information pursuant to this subparagraph, he or she must comply with the requirements of Paragraphs 14 and 15 below.

10. If a witness is providing or is provided CONFIDENTIAL Information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL Information leave the deposition room during that portion of the deposition other than the court reporter. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL Information not be provided to the witness, pending resolution of the issue.

11. All designations of Information as CONFIDENTIAL by the Producing Party must be made in good faith.

12. A party may object to the designation of particular Information as CONFIDENTIAL by giving written notice to the party designating the dispute within thirty days of being provided the same. The written notice shall identify the Information to which the objection is made and shall specify the basis for the objection. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the objecting party to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. If such a motion

is filed within ten business days after the date the parties fail to resolve the objection, the disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the objecting party fails to file such a motion within the prescribed time, the disputed Information shall retain its designation as CONFIDENTIAL and shall thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the Information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed Information to be treated as CONFIDENTIAL.

13. The inadvertent disclosure or production of any Information or Document that is subject to a claim of Confidentiality or privilege, including on the basis of attorney-client, work product and/or any other privileges, or that is otherwise CONFIDENTIAL and is disclosed without being designated as CONFIDENTIAL, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the Information or Document as privileged and/or CONFIDENTIAL at a later date. Any party receiving any such information or document shall return it upon request from the Producing Party. Upon receiving such a request as to specific Information or Documents, the Receiving Party shall return the Information or Documents to the Producing Party within five (5) business days, or destroy the Information or Documents as directed by the Producing Party, regardless of whether the Receiving Party agrees with the claim of privilege or confidentiality. Any party may then contest the claim of privilege or confidentiality as further set forth in this Agreement.

14. Any Information designated CONFIDENTIAL pursuant to this Order shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, use in any other lawsuit, distribution to the media, and/or posting online. Documents and Information previously produced by the parties may be designated "CONFIDENTIAL" within thirty days after the date of this Order.

15. With respect to outside experts or other persons pursuant to Paragraph 8(e), to become an authorized expert or other person entitled to access to CONFIDENTIAL Information,

the expert or other person must be provided with a copy of this Order and must sign a Confidentiality Agreement and Acknowledgement Re: Obligations of this Protective Order, (**Exhibit A** hereto) attesting that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The Party on whose behalf such a Confidentiality Agreement and Acknowledgment is signed shall retain the original Confidentiality Agreement.

16. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL Information to a person who created or previously received, as an addressee or by way of copy, such Information.

17. The inadvertent production of any Information or Document without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such Information. If a Producing Party, through inadvertence, produces any CONFIDENTIAL Information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties, or written notice alone as to non-documentary Information, that such Information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such Information as CONFIDENTIAL in accordance with the notice from the date such notice is received. Disclosure of such CONFIDENTIAL Information prior to the receipt of such notice shall not be deemed a violation of this Confidentiality Agreement. A Receiving Party who has disclosed such CONFIDENTIAL Information prior to the receipt of such notice shall take steps to cure such disclosure by requesting return of the original document and substituting it with the properly marked one.

18. The terms of this Stipulated Protective Order apply, without limitation to all Documents and Information exchanged between the parties in the course of this litigation, whether or not such Documents and/or Information were exchanged prior to the entry of this Order and/or were designated as "CONFIDENTIAL." This provision allows a party to designate a previously produced Document as "CONFIDENTIAL" as set forth in paragraph 14 herein.

19. A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL Information will be disclosed.

20. Nothing in this Order shall be construed as an admission or agreement that any specific Information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

21. If a Party wishes to use CONFIDENTIAL Information at a public proceeding, such as a hearing before the Court or at trial, it shall notify the Court and the other Parties to this action of that fact at the time the hearing or trial commences, and the Court may then take whatever steps it may deem necessary to preserve the confidentiality of said Information during the course of, and after, the public proceeding.

22. This Order shall not be construed to prevent any Party from using or disclosing its own CONFIDENTIAL Information as it deems appropriate.

23. If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL Information shall use reasonable efforts to maintain the confidentiality of such CONFIDENTIAL Information and shall cooperate with the Party that originally produced the Information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the Information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

24. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular Document or Information is, in fact, CONFIDENTIAL or whether its use should be restricted in any manner whatsoever; or (ii) to present a motion to the Court for a separate protective order as to any particular Document or Information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

25. This Order shall be without prejudice to any party to claim that a Document that a party marked as containing CONFIDENTIAL Information is also protected by the attorney-client privilege, work product doctrine, or any other privilege or limitation recognized under state or federal law. Determinations of confidentiality and privilege are separate, and nothing in this Order constitutes a waiver of privilege

26. Upon termination of this Litigation, either by settlement or other action, any Party, its counsel, or other person that obtained CONFIDENTIAL Information through discovery shall, upon request, return all such CONFIDENTIAL Information to the Producing Party or certify as to its destruction. Counsel may retain CONFIDENTIAL Information solely for archival purposes. The restrictions of this Protective Order shall apply to Counsel for as long as they hold such archival Documents.

27. The obligation to treat all Information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL Information shall survive any settlement or other termination of this Litigation.

28. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

IT IS SO STIPULATED AND AGREED BY:

DATED this 6th day of June, 2022.

SGRO & ROGER

By: /s/ *Alanna Bondy*
_____
ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
ALANNA BONDY, ESQ.
Nevada Bar No. 14830
JAYME N. RICHARDSON, ESQ.
Nevada Bar No. 15802
SGRO & ROGER
720 S. 7th Street, Third Floor
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

DATED this 6th day of June, 2022

OLSON CANNON GORMLEY & STOBERSKI

By: /s/ *Stephanie A. Barker*
_____
JAMES R. OLSON, ESQ.
Nevada Bar No. 116
WALTER R. CANNON, ESQ.
Nevada Bar No. 1505
STEPHANIE A. BARKER, ESQ.
Nevada Bar No. 3176
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for the CCSD, Skorkowsky, Minnich, and Barto*

**ORDER**

Based upon the foregoing stipulation of the parties, and good cause appearing,

IT IS HEREBY ORDERED that the above Stipulated Confidentiality Agreement and Protective Order in the matter of *L.N. v. CCSD, et al.*, Case No. 2:22-cv-00495-ART-VCF, is entered and terms as set forth therein are hereby in effect.

IT IS SO ORDERED.

DATED this  6th  day of  June , 2022.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| L.N., a minor, by and through her guardian C.A.,<br><br>                              Plaintiff,<br><br>   vs.<br><br>CLARK COUNTY SCHOOL DISTRICT;<br>PAT SKORKOWSKY, an individual;<br>KRISTINE MINNICH, an individual;<br>KODY BARTO, an individual; MICHAEL<br>BANCO, an individual; DOES I-X inclusive,<br>and ROE CORPORATIONS, I-X, inclusive,<br><br>                              Defendants. | CASE NO. 2:22-cv-00495-ART-VCF<br><br>**CONFIDENTIALITY AGREEMENT<br>AND ACKNOWLEDGEMENT RE:<br>OBLIGATIONS PURSUANT TO<br>PROTECTIVE ORDER** |

       I have carefully and completely read the Stipulated Confidentiality Agreement and Protective Order in the above-captioned case, including but not limited to the admonishment that Documents and Information disclosed hereunder shall be held in strict confidence; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, use in any other lawsuit, distribution to the media, and/or posting online. I understand the terms of the Order, I agree to be fully bound by the terms of the Order, and I hereby submit to the jurisdiction of the United States District Court, District of Nevada for purposes of enforcement of the Order.

DATE: _____         SIGNATURE: _____

                                                        Signatory's Name, Business Affiliation,
                                                        Business Address, and Business Phone Number:
                                                        _____
                                                        _____
                                                        _____

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Fax (702) 383-0701

# Nan Langenderfer

| | |
|---|---|
| **From:** | Alanna Bondy <abondy@sgroandroger.com> |
| **Sent:** | Friday, June 3, 2022 3:18 PM |
| **To:** | Stephanie Barker; Jayme Richardson |
| **Cc:** | Tony Sgro; Nan Langenderfer; Alexis Williams; Linda Roth |
| **Subject:** | Re: LN v. CCSD - Protective Orders |

Good Afternoon Stephanie,

You have my permission to affix my e-signature on:

1. Stipulated Protocol and Protective Order Re Surveillance Duplication and Dissemination; and
2. Stipulated Confidentiality Agreement and [Proposed] Protective Order

Thank you,

## Alanna Bondy • ESQ.
abondy@sgroandroger.com

---

**From:** Stephanie Barker <sbarker@ocgas.com>
**Date:** Friday, June 3, 2022 at 9:01 AM
**To:** Alanna Bondy <abondy@sgroandroger.com>, Jayme Richardson <jrichardson@sgroandroger.com>
**Cc:** Tony Sgro <tsgro@sgroandroger.com>, Nan Langenderfer <nlangenderfer@ocgas.com>, Alexis Williams <awilliams@sgroandroger.com>, Linda Roth <lroth@ocgas.com>
**Subject:** RE: LN v. CCSD - Protective Orders

Good morning Alanna:

I have reviewed and accepted your recommended changes to the Stipulated Protocol and Protective Order Re Surveillance Duplication and Dissemination, and noted that you had no recommended changes to the proposed Confidentiality Agreement. Both are attached. Please confirm that we have your authorization to submit both of the attached Stipulations with your electronic signature:

1. Stipulated Protocol and Protective Order Re Surveillance Duplication and Dissemination; and
2. Stipulated Confidentiality Agreement and [Proposed] Protective Order

Thank you.


**Stephanie A. Barker, Esq.**
**Olson Cannon Gormley & Stoberski**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
PH: 702-384-4012
sbarker@ocgas.com

1